UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

ALAN WANEK,

            Plaintiff,

      -against-

REDLINE RECOVERY SERVICES LLC.,

            Defendant.

**VERIFIED COMPLAINT and DEMAND FOR JURY TRIAL**

NOW COMES Plaintiff, Alan Wanek ("Plaintiff"), by and through his attorneys, Krohn & Moss, Ltd., for his Verified Complaint against Defendant, REDLINE RECOVERY SERVICES LLC. ("Defendant"), alleges as follows:

Nature of the Action

1.    This action is brought by Plaintiff pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

Parties

2.    Plaintiff is a natural person residing in Crete, Nebraska.

3.    Plaintiff is allegedly obligated to pay a debt and is a consumer as defined by 15 U.S.C. § 1692a(3).

4.    Defendant is a New York company principally located in Buffalo, Erie County, New York.

5.    Defendant is a debt collector as defined by 15 U.S.C. § 1692a(6), and sought to collect a consumer debt from Plaintiff.

6. Defendant acted though its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers.

## Jurisdiction and Venue

7. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

8. Because Defendant conducts business and is principally located in the state of New York, personal jurisdiction is established

9. Venue is proper pursuant to 28 U.S.C. § 1391(b)(1).

10. Declaratory relief is available pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 - 2202.

## Factual Allegations

11. Defendant constantly and continuously places collection calls to Plaintiff seeking and demanding payment for an alleged debt.

12. Defendant places calls to Plaintiff home telephone.

13. Defendant places calls from 866-489-4016.

14. Defendant calls Plaintiff and hangs up before Plaintiff picks up the phone or before voicemail answers the phone.

15. Defendant left voicemail messages on Plaintiff's home answering machine that stated that the call is from a debt collector. *See* transcribed voicemail as Exhibit A hereto.

16. Plaintiff's mother in-law, Shirley Drevo ("Drevo"), overheard the message left by Defendant disclosing that Plaintiff owes a debt. *See* statement from Drevo as Exhibit B hereto.

17. Defendant also left voicemail messages that failed to disclose that the call was from a debt collector. *See* Exhibit A.

18. Plaintiff requested validation of the debt in writing and Defendant received the request on June 23, 2009. *See* Exhibit C hereto.

19. Defendant attempted to collect the debt during the 30 day debt validation period by calling Plaintiff's home number on June 26, 2009.

## CLAIM FOR RELIEF

20. Defendant's violations of the FDCPA include, but are not limited to, the following:

   a. Defendant violated §1692b(2) of the FDCPA because Defendant left voicemail messages stating that the call is from a debt collector where a third party overheard such message, thereby Defendant communicated that Plaintiff owes the alleged debt;

   b. Defendant violated §1692c(b) of the FDCPA because Defendant engaged in prohibited communication practices because Defendant communicated with third parties by leaving voicemail messages on the family answering machine where third parties can overhear the content of the message;

   c. Defendant violated §1692d(5) of the FDCPA by causing a telephone to ring repeatedly and continuously with the intent to annoy, abuse, and harass Plaintiff;

   d. Defendant violated §1692d(6) of the FDCPA by placing telephone calls without meaningful disclosure of the caller's identity by calling Plaintiff and hanging up the phone;

  e. Defendant violated *§1692g(b)* of the FDCPA by continuing to call Plaintiff during the debt validation process on June 26, 2009 whereas Defendant should have ceased collection efforts until Plaintiff received the verification of the debt; and

  f. Defendant violated *§1692e(11)* of the FDCPA by failing to disclose in subsequent communications that the communication was from a debt collector

21. As a consequence of Defendant's foregoing actions, Plaintiff has suffered from emotional distress.  *See* Exhibit D hereto.

22. Plaintiff is entitled to his attorney's fees and costs incurred in this action.

23. This case presents an actual and justiciable controversy within the meaning of the Declaratory Judgment Act, 28 U.S.C. §§ 2201 - 2202.

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant for the following:

(1) Declaratory judgment that Defendant's conduct violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*;

(2) Actual damages

(3) Statutory damages pursuant to 15 U.S.C. § 1692k

(4) Reasonable attorneys' fees, costs pursuant to 15 U.S.C. § 1692k; and

(5) Awarding such other and further relief as may be just, proper and equitable.

Dated:       August 28, 2009          KROHN & MOSS, LTD.

By: _____
Adam T. Hill
KROHN & MOSS, LTD.
120 W. Madison St., 10th Fl.
Chicago, Illinois 60602
Telephone: 312-578-9428
Telefax: 866-802-0021
ahill@consumerlawcenter.com
Attorney for Plaintiff

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, Alan Wanek, hereby demands a jury trial in this matter.

# **VERIFICATION**

STATE OF NEBRASKA)

Plaintiff, ALAN WANEK, being duly sworn, deposes and says:

1. I am the Plaintiff in this civil proceeding;
2. I have read the foregoing Verified Complaint prepared by my attorneys and I believe that all of the facts contained therein are true and correct, to the best of my knowledge, and formed after reasonable inquiry;
3. I belief that this civil Complaint is well ground in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law;
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this Complaint in good faith and solely for the purposes set forth in it;
6. Each and every exhibit I have provided to my attorneys, which has/have been attached to this Complaint, is/are true and correct copy(s) of the original(s); and
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified or fabricated the exhibit(s), except that some of the attached may contain some of my own handwritten notations.

Pursuant to 28 U.S.C. § 1746(2), I, ALAN WANEK, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

Dated: 8/12/09

_____
ALAN WANEK

# EXHIBIT A

This message is for Allen Wanek.  Contact Barbara Sands at 866-281-5701.  I will be open _____.  Please ensure that you do contact my office when you get this.

This message is for Allen Wanek.  If this is not Allen Wanek, please hang up.  If you are Allen, then according to federal law we are advising you that this call is from a debt collector with the Redline Recovery Services and we are attempting to collect a debt.  Any information obtained will be used for that purpose. It is important though that you contact this office right away to resolve this matter.  My name is Delores and I can be reached at 1866-281-5701.  My extension is 4215.  I look forward to speaking with you.  Have a good day.

This is Redline Recovery Services.  This is an attempt to collect a debt.  Please contact _____ regarding this matter at 866-489-0016.  It is important you call right away, so we can offer you a special discount on your debt.  The office hours are from 8 a.m. to 9 p.m. Central Standard Time.  Again the number is 866-489-0016.

This is a call from a debt collector with Redline Recovery Services.  This is an attempt to collect a debt.  Please contact _____ regarding this matter at 866-489-0016.  It is important you call right away, so we can offer you a special discount on your debt.  The office hours are from 8 a.m. to 9 p.m. Central Standard Time.  Again the number is 866-489-0016.

_____ Allen Wanek.  If this is not Allen Wanek, hang up.  Allen, according to federal law you are advised that this call is from a debt collector and I am calling from Redline Recovery.  I need you to call _____ at 866-281-5701, my extension is 703

Hi, this message is intended for Allen Wanek.  My name is Micky.  If this is not Allen Wanek, please hang up.  Allen, according to federal law please be advised _____ calling to collect a debt.  I am a debt collector calling from Redline Recovery Services LLC.  I can be reached at my office at 1866-281-5701, extension 4409.  Thank you.

Hi, this message is intended for Allen Wanek.  My name is Micky.  If this is not Allen Wanek, please hang up.  Allen, according to federal law please be advised _____ calling to collect a debt.  I am a debt collector calling from Redline Recovery Services LLC.  I can be reached at my office at 1866-281-5701, extension 4409.  Thank you.

```
Hi, this message is intended for Allen Wanek.  My name is Micky.
If this is not Allen Wanek, please hang up.  Allen, according to
federal law please be advised _____ calling to collect a debt.
I am a debt collector calling from Redline Recovery Services
LLC.  I can be reached at my office at 1866-281-5701, extension
4409.  Thank you.
```

# EXHIBIT B

To Whom it May Concern,

When visiting in the home of my daughter and her husband Alan Wanek I heard voice mail messages numerous times, sometimes several in a day, in which Redline Recovery's Steve Zaptka says he is a debt collector collecting a debt. On June 17, 2009 I heard this message at about 8:30 a.m., 9 a.m. and 9:30 a.m. giving the phone number 866-489-4016.

Signature *Shirley Drewo*

Date Aug 11, 2009

2

# EXHIBIT C

2

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X _Cindy Ortega_ ☐ Agent ☐ Addressee<br>B. Received by (Printed Name) Cindy Ortega   C. Date of Delivery 6/23/09 |
| 1. Article Addressed to:<br>Redline Recovery Services | D. Is delivery address different from item 1? ☐ Yes<br>If YES, enter delivery address below: ☐ No |
| | 3. Service Type<br>☒ Certified Mail   ☐ Express Mail<br>☐ Registered   ☐ Return Receipt for Merchandise<br>☐ Insured Mail   ☐ C.O.D.<br>4. Restricted Delivery? (Extra Fee)   ☐ Yes |
| 2. Article Number (Transfer from service label) | 7008 3230 0002 0210 7386 |

PS Form 3811, February 2004      Domestic Return Receipt      102595-02-M-1540

---

UNITED STATES POSTAL SERVICE     First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

• Sender: Please print your name, address, and ZIP+4 in this box •

Alan Cranek
Box 253
Crete NE 68333

Redline
Recovery

3

# EXHIBIT D

I have suffered from the following due to, or made worse by, the actions of the Defendant's debt collection activities:

| | | |
|---|---|---|
| 1. Sleeplessness | **YES** | NO |
| 2. Fear of answering the telephone | **YES** | NO |
| 3. Nervousness | **YES** | NO |
| 4. Fear of answering the door | YES | **NO** |
| 5. Embarrassment when speaking with family or friends | **YES** | NO |
| 6. Depressions (sad, anxious, or "empty" moods) | **YES** | NO |
| 7. Chest pains | YES | **NO** |
| 8. Feelings of hopelessness, pessimism | **YES** | NO |
| 9. Feelings of guilt, worthlessness, helplessness | **YES** | NO |
| 10. Appetite and/or weight loss or overeating and weight gain | **YES** | NO |
| 11. Thoughts of death, suicide or suicide attempts | **YES** | NO |
| 12. Restlessness or irritability | **YES** | NO |
| 13. Headache, nausea, chronic pain or fatigue | **YES** | NO |
| 14. Negative impact on my job | **YES** | NO |
| 15. Negative impact on my relationships | **YES** | NO |

Other physical or emotional symptoms you believe are associated with abusive debt collection activities:

Having other people find out our financial business because of phone messages may be the goal of this company. This is a way for them to embarrass and harass. There are other ways they could do business that wouldn't bring this type of stress into people's lives. I have had two relatives kill themselves over financial problems so I know how extreme this stress can become and what it can do.

Pursuant to 28 U.S.C. § 1746(2), I hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

Dated: 8/12/09

Signed Name: _Alan McCish_ (signature)

Printed Name: Alan R. Cuanek